UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANTHONY PHILLIPS, et al.,

                Plaintiffs,

    -against-

CITY OF NEW YORK, et al.,

                Defendants.
--------------------------------------------------------X

**SUMMARY ORDER ON BIFURCATION**

06-CV-3243 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      Trial in this matter is scheduled to begin on November 4, 2009. Before the Court is the parties' dispute as to whether the trial will be bifurcated. Defendants request that the trial be bifurcated, plaintiffs oppose that request. For the reasons which follow, the trial will be bifurcated.

      In a status report dated October 17, 2008, plaintiffs indicated to the Court that:

> The plaintiffs and defendants have agreed to a bifurcated trial process. As such, both agree that the liability stage of this case be tried first. If there is a finding of liability, both parties agree to proceed with the damages portion of the case.

(Docket No. 28 at 2.) Defendants confirmed the parties' agreement the following day in another status report to the Court. (Docket No. 29.) Defendants claim that despite this agreement, on the night before the final pretrial conference and jury selection, plaintiffs' counsel indicated for the first time that they were reconsidering their decision to bifurcate. (10/26/09 Transcript at 33). Plaintiffs' counsel disputes this characterization of the conversation, contends that plaintiffs never bound themselves to a bifurcated trial, and argues that they "long ago, weeks ago" indicated to defendants' counsel that they did not consent to bifurcation. (*Id.*)

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[t]he Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." Fed.R.Civ.P. 42(b). The Court has broad discretion to order bifurcation to promote convenience or efficiency, or to avoid prejudice. *E.g., Ismail v. Cohen*, 706 F. Supp. 243, 251 (S.D.N.Y. 1989), *aff'd*, 889 F.2d 183 (2d Cir. 1999). "These factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." *Carson v. City of Syracuse*, No. 92 Civ. 777, 1993 WL 260676, at *2 (N.D.N.Y. July 3, 1993) (citing *Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992)).

The Court will exercise its discretion and bifurcate the trial. Based on a review of the record and the Court's independent recollection of the pretrial proceedings, it is clear that plaintiffs agreed to bifurcate the trial as far back as October 2008.[1] While there is nothing in Rule 42(b) or the case law that prohibits a party from reneging on an agreement to bifurcate, in this case it would be inequitable to permit plaintiffs to do so. According to defendants, they "have premised some of their legal strategy on bifurcation and have been preparing for trial pursuant to the above agreement." (Docket No. 65). Further, defendants argue that the parties are just now

---

1 The proposed joint pretrial order, which was submitted on the morning of the final pretrial conference and jury selection, undercuts plaintiffs' counsels' characterization of the parties' agreement to bifurcate and their conversations on the issue. Long prior to the submission of the proposed joint pretrial order, the parties requested that the Court set aside seven days for the trial. In the proposed order, plaintiffs' counsel indicates that he "estimates the time of trial at seven days for the *liability* portion of the trial." (Docket No. 60 at ¶ 5a (emphasis added).) If, as counsel argues, plaintiffs never agreed to bifurcate the trial, and so informed defendants, it would have been incumbent upon him to indicate the length of the entire trial in the joint pretrial order, not just the liability phase. Because he did not do so, it is clear that he understood that this case would be bifurcated.

taking the depositions of the expert witnesses, and defendants have just received additional medical records from two of plaintiffs' experts. Defendants argue that their experts have not had enough time to review all of the recently produced materials, let alone prepare for trial. Accordingly, defendants argue that they will be prejudiced were the trial not bifurcated. I am inclined to agree with defendants.

Moreover, defendants argue that plaintiffs will not be prejudiced if the trial is bifurcated as previously agreed. Plaintiffs' have not responded in writing to defendants' written request to bifurcate, nor did they sufficiently articulate at the final pretrial conference how they would be prejudiced if the trial were bifurcated. Nevertheless, the Court does not envision any prejudice to plaintiffs if the trial is bifurcated. While every plaintiff may desire a prompt resolution of his claims, delaying the damages phase of the trial for a brief period will not substantially prejudice the plaintiffs here. The Court notes that during the liability phase of the trial the plaintiffs will be permitted to testify concerning the physical injuries Mr. Phillips allegedly suffered on October 5, 2005, as the extent of those physical injuries is relevant to the resolution of liability on Mr. Phillips' claims for excessive force, assault and battery. Any physicians or emergency medical technicians who treated Mr. Phillips on or about October 5, 2005 for his physical injuries will be permitted testify as well. The only testimony that will not be permitted during the liability phase will concern Mr. Phillips' emotional injuries as such testimony is not relevant to liability.

Finally, a bifurcated trial will promote convenience, efficiency and judicial economy. The Court has set aside seven days for trial, and so informed the jury panel during voir dire. Were the case not bifurcated, it would likely last longer than seven days, or so say plaintiffs' and defendants' counsels. A trial of more than seven days quite possibly would be a serious

3

inconvenience to the jury, and may even necessitate convening an entirely new venire and rescheduling the trial. Although bifurcation is not the most efficient, it is certainly more efficient than this alternative. Also, it is quite possible, perhaps even likely, that a trial on damages may not be necessary. If plaintiff is successful in establishing liability, the parties may be able to settle on the appropriate amount of damages.

Accordingly, and considering the factors enunciated in Rule 42(b), the Court will exercise its discretion and bifurcate the trial.


Dated: Brooklyn, New York
      October 28, 2009

*Ramon E. Reyes, Jr.*
Ramon E. Reyes, Jr.
United States Magistrate Judge